UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTOHOUSE INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PPG INDUSTRIES, INC., *et al.*, <br><br> Defendants. | Civil No. 09cv1265-L(JMA) <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING THEIR MOTION TO STRIKE** |

In this breach of contract and fraud action, Defendants filed a motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike the punitive damages request pursuant to Rule 12(f). Plaintiff opposed the motion. For the reasons which follow, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to strike is **DENIED**.

At the relevant time, Plaintiff was the owner and manager of the PPG Motoworld Suzuki and Motoworld PPG Yamaha professional motocross racing teams (collectively "Team"). Defendant PPG Industries, Inc. ("PPG") allegedly began sponsoring the Team in 2003. In exchange for sponsoring the Team, PPG received marketing opportunities and media exposure. The dispute in this case arises over PPG's sponsorship in 2006 and 2007. Plaintiff alleges that PPG, through Defendant Senior Regional Manager James Downey, promised to pay Plaintiff $150,000 each for the 2006 and 2007 racing seasons, but failed to do so. In the First Amended

Complaint Plaintiff alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud and negligent misrepresentation.

Defendants moved to dismiss pursuant to Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendants first argue that the complaint should be dismissed because Plaintiff did not register with the state of California as required by California law. Plaintiff is a Colorado limited liability company. (First Am. Compl. at 2.) Accordingly, California law applies to the determination whether Plaintiff has the capacity to sue in California. Fed. R. Civ. P. 17(b)(3).

Under California law, "A foreign limited liability company transacting intrastate business in this state shall not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." Cal. Corp. Code § 17456(a). Since the filing of Defendants' motion, Plaintiff has registered. (Decl. of Jonathan Hangartner, filed Nov. 23, 2009.) Plaintiff provided a copy of the certificate of registration issued by the California Secretary of State. When ruling on a motion to dismiss, the court may consider matters of which the court takes judicial notice. *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Records and reports of

administrative agencies are matters of public record which can be judicially noticed. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Because Plaintiff is now in compliance with the registration requirement, Defendants' motion to dismiss is denied to the extent it is based on Plaintiff's capacity to sue.

Second, Defendants contend that Plaintiff cannot state a claim for negligent misrepresentation in this case. Plaintiff's theory of negligent misrepresentation is that "Defendants negligently represented to [Plaintiff] that Defendants would pay for the agreed upon sponsorship in full. [¶] At the time Defendants made said representations, Defendants lacked sufficient facts upon which to make such representations, and/or the facts available to Defendants did not reasonably lead to the conclusion that said representation was accurate." (First Am. Compl. at 7.) A fraud claim based on a defendant's failure to perform a promise must be based on intent not to perform at the time the promise is made. *Tarmann v. State Farm Mut. Auto Ins.* Co., 2 Cal. App. 4th 153, 158-59 (1991). "Given this requirement, an action based on a false promise is simply a type of *intentional* misrepresentation, i.e., actual fraud. The specific intent requirement . . . precludes pleading a false promise claim as a negligent misrepresentation . . . ." *Id*. at 159 (emphasis in original, footnote omitted). Defendants' motion to dismiss is therefore granted with respect to the negligent misrepresentation claim.

Third, Defendants argue that Plaintiff cannot state a claim for fraud based on failure to perform a contract. Plaintiff's theory of fraud is that Defendants represented that PPG would pay $150,000 per year for 2006 and 2007, knowing that these representations were false when made, and that they made them with the intent to induce Plaintiff's reliance. (First Am. Compl. at 6.) "A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Aas v. Super. Ct. (William Lyon Co.)*, 24 Cal.4th 627, 643 (2000), superseded by statute on other grounds as noted in *Rosen v. State Farm Gen. Ins. Co.*, 30 Cal.4th 1017, 1078-79 (2003). However, contrary to Defendants' argument, California law recognizes fraud claims based on failure to perform a promise, if the promise was made with intent not to perform. Cal. Civ. Code § 1710(4); *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 28-31 (1985) (a real estate broker can state a claim for fraud based on the client's failure to perform its promise

to pay commission); *Tarmann*, 2 Cal. App. 4th at 158-59.  Defendants' argument is therefore rejected.

Defendants also maintain that the fraud claim should be dismissed because it does not meet the pleading requirements of Rule 9(b).[1]  They contend that Plaintiff did not allege fraudulent intent with sufficient particularity.  Rule 9(b) does not require that fraudulent intent be pleaded with specificity.  To the contrary, "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. Proc. 9(b).

Accordingly, the general pleading standard of Rule 8(a) applies.  Under Rule 8, "*Twombly* and *[Ashcroft v.] Iqbal*[, 129 S. Ct. 1937 (2009)], do not require that the complaint include all facts necessary to carry the plaintiff's burden.  'Asking for plausible grounds to infer' the existence of a claim for relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to prove that claim."  *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), quoting *Twombly*, 550 U.S. at 556.

Under California law, intent to defraud is equated with the intent to induce reliance.  *Lazar v. Super. Ct. (Rykoff-Sexton, Inc.)*, 12 Cal.4th 631, 638 (1996).  Because another party's state of mind is often not expressly known to the plaintiff, it must often be established by inference.  *See Tenzer*, 39 Cal.3d at 30-31; *Locke v. Warner Bros., Inc.*, 57 Cal. App. 4th 354, 368 (1997).  Here Plaintiff does not merely rely on Defendants' failure ultimately to perform the contract.  This alone would be insufficient to infer intent.  *Tenzer*, 39 Cal.3d at 30-31.  Plaintiff alleges that Defendants' representations that they would pay for the sponsorship were false, made to induce Plaintiff's reliance and that Plaintiff relied on them when it continued to provide sponsorship benefits through the 2007 racing season.  (First Am. Compl. at 6.)  In combination with Plaintiff's allegation that Defendants ultimately refused to perform (*id.* at 4 & 5),

---

[1] The parties' reliance on California law for pleadings requirements is in error.  Irrespective of the source of subject matter jurisdiction and irrespective of whether the substantive law at issue is state or federal, in federal court, procedure is governed by federal law, particularly when an issue is directly covered by the Federal Rules of Civil Procedure.  *Hanna v. Plumer*, 380 U.S. 460 (1965); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).

Defendants' continued assurances that they would pay, Plaintiff's detrimental reliance, and Defendants' success in securing sponsorship benefits not only for 2006 but also for 2007 (*id.*) raise a reasonable expectation that discovery will reveal evidence sufficient to show that Defendants' representations were made with the intent to deceive Plaintiff and induce it to provide sponsorship benefits to Defendants.  Plaintiff therefore sufficiently alleged intent to defraud.

In addition, Defendants argue that Plaintiff did not comply with Rule 9(b) with respect to other aspects of the fraud claim.  To comply with Rule 9(b), "the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  In this regard, it is sufficient to plead items such as the time, place and nature of the alleged fraudulent activities.  *Id*.  Generally, Rule 9(b) also requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants.  *Moore*, 885 F.2d at 540.

Specifically, Defendants argue that the complaint does not sufficiently allege who made the misrepresentations.  The complaint alleges that,

> All of the sponsorship agreements entered into between PPG and Motoworld were negotiated by and agreed upon by Downey, who served as Motohouse's point of contact at PPG throughout the sponsorship relationship.  Downey repeatedly and consistently held himself out as PPG's representative, with authority to bind PPG to the terms of the agreements entered into with Motohouse.

(First Am. Compl. at 4.)  These allegations are sufficient to determine who made the alleged misrepresentations.

Next, Defendants contend that Plaintiff does not sufficiently allege where, when and how the alleged misrepresentations were made.  Although the complaint could be more specific in these regards, in light of identifying the individual who made the representations and a general place and time frame (First Am. Compl. at 2-4, *see also* Defs' P.&A. filed Aug. 21, 2009 at 2), it provides sufficient information for Defendants to prepare an adequate answer.  Defendants' motion is therefore denied to the extent they seek dismissal of the fraud claim.

1  Defendants also move to strike Plaintiff's demand for punitive damages.  Under Rule
2  12(f), "the court may order stricken from any pleading any insufficient defense or any redundant,
3  immaterial, impertinent, or scandalous matter."  A motion to strike may be used to strike any part
4  of the prayer for relief when the damages sought are not recoverable as a matter of law."
5  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).  Defendants argue that
6  Plaintiff is not entitled to punitive damages because it does not allege any tort claims.
7  Defendants did not prevail on their motion to dismiss the fraud claim; accordingly, their
8  argument is rejected.  Defendants' motion to strike is denied.

9  Plaintiff did not request leave to amend if the motion to dismiss is granted in any part.
10 Nevertheless, the court must consider whether a motion to dismiss should be granted with leave
11 to amend.  *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th
12 Cir. 2004).  Rule 15 advises the court that leave to amend shall be freely given when justice so
13 requires.  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality." *Eminence*
14 *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and
15 citation omitted).  Dismissal with prejudice and without leave to amend is not appropriate unless
16 it is clear that the complaint could not be saved by amendment.  *Id*. at 1052.  Because Plaintiff
17 may decide to plead a different theory of negligent misrepresentation, the claim could
18 conceivably be saved by amendment.  Plaintiff is therefore granted leave to amend.

19 Based on the foregoing, Defendants' motion to dismiss the First Amended Complaint is
20 **GRANTED** with respect to the negligent misrepresentation claim only, and **DENIED** in all
21 other respects.  Their motion to strike is **DENIED**.  Plaintiff is **GRANTED LEAVE TO**
22 **AMEND**.  If Plaintiff chooses to amend the complaint, it must file and serve the second
23 amended complaint no later than February 12, 2010.  Defendants shall file and serve any
24 response to the second amended complaint within the time set in Rule 15(a)(3).  The same due
25 / / / / /
26 / / / / /
27 / / / / /
28 / / / / /

date shall apply for Defendants' answer, if Plaintiff chooses not to file a second amended complaint.

**IT IS SO ORDERED**.

DATED: February 4, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL